IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CHEVY JONES,**

        **Plaintiff,**

        v.                              CASE NO. 20-3246-SAC

**JEREMY BUTLER,**

        **Defendant.**

**MEMORANDUM AND ORDER
AND ORDER TO SHOW CAUSE**

Plaintiff Chevy Jones, an inmate at the Sedgwick County Jail ("SCJ"), Wichita, Kansas, brings this *pro se* civil rights action. Plaintiff proceeds *in forma pauperis*. For the reasons discussed below, Plaintiff is ordered to show cause why his Complaint should not be dismissed.

**1. Nature of the Matter before the Court**

Plaintiff states that he was moved temporarily to a new cell in Pod 2 because his cell in Pod 5 had "too many issues." Sergeants Ball and Harris said he was being placed in Pod 2, a mental health classified pod, until another cell came open. When Plaintiff arrived at cell 5227 in Pod 2 at approximately 12:30 a.m.[1], there was blood on the floor and walls and feces on the wall. Plaintiff asked if he could clean the cell and was told to use dirty water with a dead mouse in it for the cleaning. When he asked if he could fill the bucket with clean water, his request was refused. Plaintiff proceeded to the shower. Sergeant Butler came into the shower with other deputies and

---

[1] Plaintiff does not include the date of the incident. However, according to online records of the Sedgwick County Jail, he was booked in on December 6, 2019 so there does not appear to be a statute of limitations issue with Plaintiff's claim.

1

pulled his taser on Plaintiff as he was wet in the shower.[2]  Plaintiff said, "Really?" and Sergeant Butler responded, "Yeah, you're not supposed to be in here."  Butler told Plaintiff to turn around and cuff up.  Plaintiff complied and Butler cuffed his hands behind his back.  When they got back to Plaintiff's cell, Butler said, "Since you want to act dumb, I'm going to treat you like you're dumb."  He told Plaintiff he would return to take the cuffs off when he felt like it.  Butler returned at 2:18 a.m., about an hour and a half later, and removed the cuffs.

Plaintiff alleges violation of his rights under the Eighth Amendment.  He names as defendant Sergeant Butler.  Plaintiff seeks $30 million in damages for pain and suffering, as well as dismissal of all pending criminal charges with prejudice.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). Additionally, with any litigant, such as Plaintiff, who is proceeding *in forma pauperis*, the Court has a duty to screen the Complaint to determine its sufficiency.  *See* 28 U.S.C. § 1915(e)(2).  Upon completion of this screening, the Court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b), 1915(e)(2)(B).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins,* 487 U.S. 42, 48 (1988)(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).  A court

---

[2] It is unclear from the Complaint whether Butler shot Plaintiff with the taser.  At one point, the Complaint states, "He shot his taser while I was wet."  Complaint, ECF No. 1, at 3.  At another point, the Complaint, in different handwriting, states that Butler "pulled his taser on me as I was in the shower wet" but then goes on to describe the conversation and cuffing as outlined above.  *Id.* at 6.

liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In addition, the court accepts all well-pleaded allegations in the complaint as true.  *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).  On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."  *Twombly*, 550 U.S. at 555 (citations omitted).  The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face."  *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."  *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals.  *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*,

561 F.3d 1090, 1098 (10th Cir. 2009).  As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted).  Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted).  "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III.  DISCUSSION

### A.  Damages for Pain and Suffering

Plaintiff requests damages for pain and suffering.  Section 1997e(e) provides in pertinent part that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).  Plaintiff asserts Defendant caused him harm "including physical and mental injury," but he fails to further describe the alleged physical injury.  If Plaintiff did not suffer a physical injury, his request for compensatory damages is barred by 42 U.S.C. § 1997e(e).

### B.  Dismissal of Criminal Charges

Plaintiff also asks the Court to dismiss all pending criminal charges against him and presumably order his release.  A petition for habeas corpus relief is a state prisoner's sole remedy in federal court for a claim of entitlement to immediate or speedier release.  *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973); *McIntosh v. United States Parole Commission*, 115 F.3d 809, 811 (10th

4

Cir. 1997); *see Boutwell v. Keating*, 399 F.3d 1203, 1209 (10th Cir. 2005) ("Habeas corpus is the only avenue for a challenge to the fact or duration of confinement, at least when the remedy requested would result in the prisoner's immediate or speedier release.").

Moreover, federal courts are generally prohibited from interfering with a pending state criminal prosecution. *Younger v. Harris,* 401 U.S. 37, 45 (1971). The *Younger* abstention doctrine is based on "notions of comity and federalism, which require that federal courts respect state functions and the independent operation of state legal systems." *Phelps v. Hamilton,* 122 F.3d 885, 889 (10th Cir. 1997).

### C. Eighth Amendment

Plaintiff claims Defendant Butler violated his Eighth Amendment right to be free from cruel and unusual punishment when he left Plaintiff in his cell with his hands cuffed behind his back for an hour and a half.

A successful Eighth Amendment conditions of confinement claim requires a plaintiff to demonstrate evidence of both objective and subjective components. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "First, the deprivation alleged must be, objectively, 'sufficiently serious.'" *Id.* For the subjective component, the plaintiff must establish that the official subjectively acted with "deliberate indifference to [his] health or safety." *Farmer*, 511 U.S. at 834 (citations omitted).

To satisfy the objective component, a prisoner must allege facts showing he or she is "incarcerated under conditions posing a substantial risk of serious harm." *Id.*; *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005). The Eighth Amendment requires prison and jail officials to provide humane conditions of confinement guided by "contemporary standards of decency." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). The Supreme Court has acknowledged that the Constitution "'does not mandate comfortable prisons,' and only those deprivations denying 'the

minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (internal citations omitted). Indeed, prison conditions may be "restrictive and even harsh." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). "Under the Eighth Amendment, (prison) officials must provide humane conditions of confinement by ensuring inmates receive the basic necessities of adequate food, clothing, shelter, and medical care and by taking reasonable measures to guarantee the inmates' safety." *McBride v. Deer*, 240 F.3d 1287, 1291 (10th Cir. 2001) (citation omitted).

In *Miller v. Glanz*, the plaintiff alleged the defendants cuffed his hands to a "bare bunk," cuffed his legs "to the bars," and caused him to be "stretched out in an awkward position ... for almost two hours." *Miller v. Glanz*, 948 F.2d 1562, 1569 (10th Cir. 1991). The Tenth Circuit considered "whether Miller's pain or deprivation was sufficiently serious to constitute cruel and unusual punishment under the Eighth Amendment" and determined that "cuffing Miller in an awkward position for almost two hours did not cause the severe pain or lasting injury required to amount to an Eighth Amendment violation." *Id*. at 1569-70.

As in *Miller*, Plaintiff's allegations do not constitute the types of conditions that violate the Eighth Amendment; "extreme deprivations are required." *Hudson v. McMillian,* 503 U.S. 1, 9 (1992). The Complaint is subject to dismissal for failure to state a claim.

**IV.  Response Required**

For the reasons stated herein, Plaintiff's Complaint is subject to dismissal under 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) for failure to state a claim upon which relief may be granted. Plaintiff is therefore required to show good cause why his Complaint should not be dismissed. Plaintiff is warned that his failure to file a timely response may result in the Complaint being dismissed for the reasons stated herein without further notice.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **March 25, 2021,** in which to show good cause, in writing, why his Complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED**.

Dated February 25, 2021, in Topeka, Kansas.

                                              s/ Sam A. Crow
                                              **SAM A. CROW**
                                              **SENIOR U. S. DISTRICT JUDGE**