IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHEVY JONES,

    **Plaintiff,**

    v.                                                               CASE NO. 20-3246-SAC

JEREMY BUTLER,

    **Defendant.**

## MEMORANDUM AND ORDER

This matter is a civil rights action. By order dated February 25, 2021 (ECF No. 4; "MOSC"), the Court directed Plaintiff to show cause why his Complaint should not be dismissed for failure to state a claim upon which relief may be granted. Before the Court is Plaintiff's response to the MOSC (ECF No. 5).

The MOSC found Plaintiff's claim that Defendant Butler violated his Eighth Amendment right to be free from cruel and unusual punishment when he left Plaintiff in his cell with his hands cuffed behind his back for an hour and a half did not constitute the types of conditions that violate the Eighth Amendment; "extreme deprivations are required." *Hudson v. McMillian,* 503 U.S. 1, 9 (1992). The MOSC further found that Plaintiff's request for compensatory damages is barred by 42 U.S.C. § 1997e(e) because he did not suffer a physical injury, and his request to have all pending criminal charges against him dismissed had to be brought in a habeas corpus petition.

In his response to the MOSC, Plaintiff cites two Kansas statutes pertaining to mistreatment of a confined person. However, even if the defendant was found to be in violation of these statutes, violations of state law do not necessarily state a federal constitutional violation under § 1983. "[N]ot every violation of state law or state-mandated procedure is a violation of the Constitution."

*See Massey v. Helman*, 259 F.3d 642, 647 (7th Cir. 2001) (citing *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir.1993)).  Plaintiff has not alleged the type of extreme deprivation required to state a claim under the Eighth Amendment.

Plaintiff also cites to court rules providing that all material facts in a movant's statements are deemed admitted unless specifically controverted and that the opposing party has a duty to respond to the substance of the matter asserted (ECF No. 5, at 2.)  While these rules are not applicable at this stage of the proceedings, the Court has accepted Plaintiff's factual allegations in the Complaint as true (*see Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006)) but has found that those allegations fail to state a constitutional claim.  Therefore, dismissal is appropriate.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

**IT IS THEREFORE ORDERED** that Plaintiff's Complaint is **dismissed** for failure to state a claim upon which relief may be granted.

**IT IS SO ORDERED.**

DATED:  This 4th day of October, 2021, at Topeka, Kansas.

s/ Sam A. Crow\_\_\_\_\_
**SAM A. CROW**
**U.S. Senior District Judge**